J-S77035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY MAURICE WYATT, | |
| Appellant | No. 1982 MDA 2015 |

Appeal from the PCRA Order October 13, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003361-2013

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED OCTOBER 24, 2016**

Appellant, Gregory Maurice Wyatt, appeals, *pro se*, from the order of October 13, 2015, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's July 6, 2016 opinion and our independent review of the certified record.

The facts underlying Appellant's conviction stem from his May 27, 2013 murder and robbery of an acquaintance. (*See* N.T. Guilty Plea Hearing, 6/02/14, at 8-9). On July 26, 2013, the Commonwealth filed a

---

[*] Retired Senior Judge assigned to the Superior Court.

criminal information charging Appellant with murder, robbery, possession of a firearm prohibited, and carrying a firearm without a license.[1]  (**See** Criminal Information, 7/26/13, at unnumbered page 1).  On June 2, 2014, Appellant entered a negotiated guilty plea to one count each of murder of the third degree, robbery, possession of a firearm prohibited, and carrying a firearm without a license.  (**See** N.T. Guilty Plea Hearing, at 10).  In accordance with the terms of the plea, the trial court immediately sentenced Appellant to an aggregate term of incarceration of not less than twenty-five nor more than fifty years. (**See id.** at 14-15).

On June 12, 2014, Appellant filed a motion to withdraw his guilty plea. A hearing took place on July 11, 2014.  At the hearing, Appellant indicated that, when he filed the motion to withdraw his guilty plea to murder of the third degree, he did not understand that the information had charged him with murder generally, and that, if he withdrew his guilty plea, he would expose himself to charges including murder of the first or second degree. (**See** N.T. Motion Hearing, 7/11/14, at 6-7).  Based upon this information, Appellant withdrew his motion to withdraw his guilty plea.  (**See id.** at 7). Appellant did not file a direct appeal.

On June 1, 2015, Appellant, acting *pro se*, filed a timely PCRA petition. On June 29, 2015, the PCRA court appointed counsel to represent Appellant.

---

[1] **See** 18 Pa.C.S.A. §§ 2502, 3701(a)(1)(i) and (ii), 6105(a)(1), and 6106(a)(1), respectively.

On July 21, 2015, PCRA counsel submitted a **Turner/Finley**[2] letter. On September 4, 2015, the PCRA court issued notice of its intent to dismiss the petition and allow PCRA counsel to withdraw, pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice but did file a motion seeking appointment of new counsel, which the PCRA court denied. On October 13, 2015, the PCRA court dismissed Appellant's PCRA petition.[3]

The instant, timely appeal followed. On December 29, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 15, 2016. On July 6, 2016, the PCRA court issued an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] In its October 13, 2015 order, the trial court did not address counsel's petition to withdraw. (**See** Order, 10/13/15, at unnumbered page 1). However, in its Rule 907 notice, the trial court specifically found that counsel had complied with the dictates of **Turner/Finley** and announced its intention to allow counsel to withdraw. (**See** Order, 9/04/15, at unnumbered page 1). Given this, in the interest of judicial economy we will regard as done what ought to have been done and deem the trial court's September 4, 2015 order as granting counsel's petition to withdraw. **See Zitney v. Appalachian Timber Products, Inc.**, 72 A.3d 281, 285 (Pa. Super. 2013).

1. Whether the [PCRA] court erred for dismissing Appellant's [PCRA petition] based on counsel's [**Turner/Finley**] letter, when Appellant's claims had merit and the trial court failed to make an independent review of the record[,] which violated the mandates of [**Turner/Finley**]?

2. Whether the [PCRA] court erred for dismissing Appellant's [PCRA petition] based on counsel's [**Turner/Finley**] letter, when Appellant's claim not only had merit but the [PCRA] court failed to conduct [an] evidentiary hearing to determine if Appellant's [guilty] plea was invalid and undermined by counsel's erroneous advice[?]

(Appellant's Brief, at 5) (unnecessary capitalization omitted).[4]

Appellant appeals from the denial of his first PCRA petition. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **See Commonwealth v. Faulk**, 21 A.3d 1196, 1199 (Pa. Super.

_____

[4] We direct Appellant's attention to Pa.R.A.P. 2119, which addresses the requirements for the argument section of appellate briefs and provides, in relevant part as follows:

**Rule 2119. Argument**

**(a)    General Rule.**  The argument shall be divided into as many parts as there are questions to be argued[.]

Pa.R.A.P. 2119(a).  "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002).  Here, Appellant's "Statement of Matters" lists two issues. (Appellant's Brief, at 5).  However, the argument portion of his brief combines the issues in violation of Rule 2119.  (**See id.** at 14-18).  Appellant's combination of issues presents a confusing format, but does not hamper appellate review, and we shall proceed with our discussion.

2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In the argument section of his brief, Appellant claims he received ineffective assistance of plea counsel because counsel gave him erroneous

advice that the trial court would only sentence him to a term of incarceration of not less than fifteen nor more than thirty years. (*See* Appellant's Brief, at 17). Appellant also appears to contend that he was coerced into withdrawing his motion to withdraw his guilty plea because the Commonwealth threatened to charge him with murder of the first degree. (See Appellant's Brief, at 17). However, Appellant has waived these claims.

Appellant did not include these claims in his statement of the questions involved. (See Appellant's Brief, at 8). The Rules of Appellate Procedure provide that issues to be resolved must be included in the statement of questions involved or "fairly suggested" by it. Pa.R.A.P. 2116(a). These issues are not included in the statement of questions involved, nor are they "fairly suggested" by it. Thus, we hold that Appellant has waived these claims. *See Commonwealth v. Harris*, 979 A.2d 387, 397 (Pa. Super. 2009) (holding claim waived when not included in statement of questions involved). In any event, the claims lack merit

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant

enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds*, *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted). Here, Appellant has not

shown that there is arguable merit to his claim that he received erroneous advice from counsel with respect to the prospective sentence.

We have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. ***See id.*** At a minimum, the trial court must inquire into the following six areas:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he has a right to trial by jury?
>
> (4) Does the defendant understand that he is presumed innocent until he is found guilty?
>
> (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offense charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Id.*** (citation omitted); ***see also*** Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. ***See*** Pa.R.Crim.P. 590,

Comment.    Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination.  ***See id.***

Appellant contends that he received erroneous advice from counsel that the trial court would sentence him to a term of incarceration of not less than fifteen nor more than thirty years.  (***See*** Appellant's Brief, at 17). However, the record does not support this assertion.

At the plea hearing, the Commonwealth informed Appellant of the maximum possible for sentence for each offense, and Appellant agreed that he understood them.   (***See*** N.T. Guilty Plea Hearing, at 3-5).   The Commonwealth specifically stated that, under the negotiated plea agreement, the trial court would sentence Appellant to an aggregate term of incarceration of not less than twenty-five nor more than fifty years.  (***See id.*** at 7).  Appellant agreed that he understood that.  (***See id.***).  Following sentencing, the trial court asked if the sentence was in accord with the negotiated plea, defense counsel said it was, and Appellant did not object to this statement.  (***See id.*** at 14-15).

On July 11, 2014, the trial court held a hearing on Appellant's motion to withdraw his guilty plea.  At no point during that hearing did Appellant object to his sentence or indicate that plea counsel had misled him with respect to his sentence.  (***See*** N.T. Motion Hearing, at 2-10).  Further, there is nothing in the record which demonstrates that the Commonwealth coerced

Appellant into withdrawing his motion to withdraw his guilty plea. Rather, the Commonwealth specifically stated that it had "no objection" to Appellant withdrawing the guilty plea. (*See id.* at 2). Defense counsel then stated that he had explained to Appellant that if he withdrew his guilty plea, the Commonwealth would pursue a charge of murder of the first degree. (*See id.* at 3). When questioned, Appellant affirmatively stated that he wished to withdraw his motion because he had not previously understood that he could be facing charges of murder of the first or second degree. (*See id.* at 7). Thus, Appellant's claims that he received incorrect advice from counsel with respect to his sentence and that he was threatened and/or coerced into withdrawing his motion to withdraw his guilty plea lack merit.

Moreover, the record demonstrates that, in the totality of the circumstances, Appellant's guilty plea was voluntary, knowing and intelligent. Appellant, after being informed of all his rights, stated that he wished to plead guilty. (*See* N.T. Guilty Plea Hearing, at 7). He acknowledged at the plea colloquy that he understood that he was giving up his right to trial by jury or by the court sitting as the finder of fact; relinquishing his right to file pre-trial motions; and knew the sentencing ranges. (*See id.* at 3-7). He stated that no one forced or threatened him. (*See id.* at 8). Appellant agreed that he understood that the trial court could sentence him to consecutive sentences and that he would have limited appellate rights. (*See id.* at 4-7).

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, there is nothing on the record to support Appellant's contention that his plea was either coerced or invalid. *See McCauley*, *supra* at 922. Thus, his claim that he received ineffective assistance of plea counsel lacks merit. *See Jones*, *supra* at 611.

Appellant also argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. (*See* Appellant's Brief, at 5, 18). The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. *See* Pa.R.Crim.P. 907. Because Appellant's ineffective assistance of counsel claims lack merit, the PCRA court properly found that he was not entitled to an evidentiary hearing. *See Miller*, *supra* at 992.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016